IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN OROZCO | § | |
| | § | |
| V. | § | A-11-CV-703  LY |
| | § | |
| CRAIG PLACKIS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Craig Plackis's Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Dkt. #20); Plaintiff's Response to Defendant Craig Plackis's Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Dkt. #28); and Defendant Craig Plackis's Reply to Plaintiff's Response to Defendant Craig Plackis's Motion to Dismiss Plaintiff's First Amended Complaint, (Clerk's Dkt. #38).  The motion was referred by United States District Judge Lee Yeakel for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

I.  BACKGROUND

Plaintiffs Benjamin Orozco ("Orozco") brings this action against defendant Craig Plackis.[1]  He alleges he was employed during the years 2008 through 2011 as a routine kitchen employee in the

---

[1] On February 17, 2011, Defendants Pane e Vino, Inc. d/b/a Craig O's Pizza and Pastaria, Sandra Entjer, Arnold Entjer were dismissed as a result of a settlement with the Plaintiff. *See* Clerk's Doc. # 34.

Defendants' restaurant, known as Craig O's Pizza and Pastaria in San Marcos, Texas. (Plf. 1st Am. Compl. ¶¶ 2-6, 10). According to Plaintiff, Plackis is the founder of a chain of six restaurants known as Craig O's Pizza and Pastaria located in Central Texas. He alleges Plackis owns a majority interest in some locations, while others, including the San Marco location, are owned by other individuals or entities. (*Id.* ¶¶ 12-13). Plaintiff further alleges, at all relevant times, he was jointly employed by Plackis and the former defendants, as demonstrated by the following facts:

a. Each of the Defendants acted directly and indirectly in the interest of one another in relation to the Plaintiffs.

b. The Defendants were not completely disassociated from one another with respect to the Plaintiffs' employment.

c. Craig Plackis maintains an economic interest in each of the six Craig O's locations, including the San Marcos location.

d. Craig Plackis possessed and exercised the authority to control and manage directly or indirectly the general business operations of each of the six Craig O's locations, including the San Marcos location.

e. Craig Plackis possessed and exercised the authority to control directly or indirectly the timekeeping and payroll practices of the Craig O's location in San Marcos.

f Craig Plackis possessed and exercised the authority to control directly or indirectly the general rules and policies applicable to employees of the Craig O's location in San Marcos, including Plaintiff.

g. Craig Plackis possessed and exercised the authority to instruct and monitor directly and indirectly the work of of[sic] the employees of the Craig O's location in San Marcos, including Plaintiff.

h. Craig Plackis possessed and exercised the authority to change directly or indirectly the terms and conditions of the employment, including work schedules and duties, of the employees of the Craig O's location in San Marcos, including Plaintiff.

       i.       Multiple Craig O's locations, including the San Marcos location, from time to time share the services of the same employee.

(*Id*. ¶ 14).

Plaintiff alleges he regularly worked more than forty hours per week in performing his duties as an employee of the defendants, was not paid overtime pay for hours worked in excess of forty hours and in many weeks was paid less than the minimum wage. Orozco further alleges the failure of the defendants to pay him the minimum wage and overtime compensation was willful. (*Id*. ¶¶ 15-18). By way his complaint, Plaintiff asserts claims against the defendants for violations of the Fair Labor Standards Act ("FLSA") for failure to pay him overtime and the federal minimum wage. (*Id*. ¶¶ 20-21). He further alleges a claim for violating the Texas Minimum Wage Act ("TWMA") for failure to pay him the minimum wage mandated by state law. (*Id*. ¶ 22).

Defendant Plackis has now filed a motion seeking dismissal of this action for failure to state a claim. Plackis contends Plaintiff has failed to allege a sufficient factual basis to establish the existence of a single enterprise among all the defendants so as to expose him to liability and also contends Orozco is not entitled to relief under the TWMA. Plaintiff has filed a responsive pleading and the matter is ripe for determination.

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950. (quoting FED. R. CIV. P. 8(a)(2)).

### III.  ANALYSIS

Plackis seeks dismissal of Plaintiff's claims under both the FLSA and the TWMA. He contends Plaintiff is not entitled to relief under the TWMA because that statute does not apply to a person covered under the FLSA. *See* TEX. LAB. CODE ANN. § 62.151 (Vernon 2006) ("This chapter . . . do[es] not apply

4

to a person covered by the Fair Labor Standards Act of 1938"). Orozco does not disagree the TWMA contains such a restriction. Instead, he maintains his claim under the TWMA is meant to be an alternative claim. A party is clearly entitled to assert alternative claims. FED. R. CIV. P. 8(d) (party may state as many separate claims as it has, regardless of consistency). Plackis is thus not entitled to dismissal of Orozco's TWMA claim on this basis.

Plackis seeks dismissal of Plaintiff's claims under the FLSA for failure to state a claim. Specifically, Plackis maintains Orozco has not shown Plackis was acting as his employer. Plackis concedes Orozco has alleged the defendants were joint employers, but contends those allegations are simply conclusory and fail to provide facts establishing the defendants were engaged in a single enterprise. In pertinent part, the FLSA defines an "enterprise" as:

> the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements.

29 U.S.C. § 203(r)(1). The definition also include specific exemptions, "making clear that . . . franchises . . . do not create 'enterprises' within the meaning of the Act." *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 517-18, 93 S. Ct. 1138, 1141-42 (1973). The three main elements to find existence of an "enterprise" are related activities, unified operation or common control, and common business purpose. *Id.*, 410 U.S. at 518, 93 S. Ct. at 1142; *Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994).

Noting the FLSA does not define these elements, the Fifth Circuit has looked to the Code of Federal Regulations to further define them. In *Reich*, the court stated:

> activities will be regarded as 'related' when they are the same or similar or when they are auxiliary or service activities such as warehousing, bookkeeping, purchasing, advertising, including, generally, all activities which are necessary to the operation and maintenance of the particular business.... The Senate Report on the 1966 amendments makes it plain that related, even if somewhat different, business activities can frequently be part of the same enterprise, and that activities having a reasonable connection with the major purpose of an enterprise would be considered related.

*Reich*, 23 F.3d at 114 (quoting 29 C.F.R. § 779.206). Regarding "common control" the court stated:

> The word "control" may be defined as the act of fact of controlling; power or authority to control; directing or restraining domination. "Control" thus includes the power or authority to control.... [It] includes the power to direct, restrict, regulate, govern, or administer the performance of the activities. "Common" control includes the sharing of control and it is not limited to sole control or complete control by one person or corporation. "Common" control therefore exists where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together.

*Reich*, 23 F.3d at 114-15 (quoting 29 C.F.R. § 779.221). A common business purpose exists if "the separate corporations engaged in complementary businesses, and were to a significant degree operationally interdependent." *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 530 (5th Cir. 1982).

In reviewing the allegations of Plaintiff's complaint, it is clear he is alleging the sort of related activities, common control and common business purpose which would form the basis of a single enterprise among the defendants. However, the allegations in his complaint are far detailed. Rather, the allegations are simply a series of assertions as to the joint nature of Plackis' businesses. Perhaps most troubling is the reference to Plackis' ability to exercise indirect control of various aspects of the business of defendants. Without facts evidencing the nature of this indirect control, it is virtually impossible for the Court to determine whether Plackis is actually engaged in a single enterprise with the other defendants. This is of particular significance to a claim under the FLSA as the determination of whether a single enterprise exists

is a question of law. *Reich*, 23 F.3d at 114; *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 969-70 (5th Cir. 1984). Accordingly, the undersigned finds Plaintiff's complaint to fall short of the requisite factual specificity. *See Morrow v. J W Electric, Inc.,* 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) (granting motion to dismiss where complaint did not allege facts demonstrating enterprise coverage, but merely recited statutory elements of FLSA coverage); *Lindgren v. Spears*, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (same)

In his response, Plaintiff contends his allegations are sufficient. However, he has also requested permission to amend his complaint. Notably, Plackis has not expressed any opposition to affording Plaintiff leave to file an amended complaint. Moreover, this case is still in its early stages. Under these circumstances, the undersigned finds the request to amend appropriate. Leave to file an amended complaint "shall be freely given when justice so requires." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting FED. R. CIV. P. 15(a)); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982) (Rule 15(a) requires trial court to grant leave to amend freely, language of rule "evinces a bias in favor of granting leave to amend"). *See also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (propriety of leave to amend entrusted to sound discretion of district court). Accordingly, Plackis' motion to dismiss should be dismissed and Plaintiff should be afforded an opportunity to amend his complaint..

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Defendant Craig Plackis's Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Dkt. #20) without prejudice to refiling and

**FURTHER RECOMMENDS** that the District Court grant Plaintiff's request to file an amended complaint

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of February, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE