UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BENJAMIN OROZCO** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:11-cv-703-LY** |
| | § | |
| **CRAIG PLACKIS and** | § | |
|     **Defendants** | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

Now comes BENJAMIN OROZCO, Plaintiff in the above-styled action, complaining of the conduct of the Defendant, and for cause of action respectfully show this Court as follows:

### NATURE OF THIS ACTION

1. This is a suit brought by the Plaintiff, BENJAMIN OROZCO, who was employed at the Craig O's Pizza and Pastaria restaurant in San Marcos, Texas, but was not paid the minimum wage and overtime pay required by law, even though the Plaintiff consistently worked well over 40 hours each week.

### PARTIES

2. Plaintiff BENJAMIN OROZCO is a resident of Hays County, Texas.

3. Defendant CRAIG PLACKIS is an individual residing in Travis County, Texas and may be served at his residence, 8410 La Plata Loop, Austin, Texas 78737.

### VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA); and

   d. 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and Tex. Civ. Prac. & Rem. Code Ann. art. 37.001-37.011 (Vernon 1986).

## FACTS

7. During the years 2008 through 2011, Plaintiff was employed as a cook in the restaurant known as Craig O's Pizza and Pastaria in San Marcos, Texas.

8. At all times relevant herein, Defendant Craig Plackis was an employer of Plaintiff, within the meaning of the Fair Labor Standards Act and the Texas Minimum Wage Act, and Defendant was subject to the requirements of those Acts.

9. Defendant Craig Plackis is the founder of a chain of pizza restaurants known as "Craig O's Pizza and Pastaria," which, as of the date of this pleading, comprises six locations in Central Texas, including the location in San Marcos where Plaintiff worked.

10. At all times relevant to this lawsuit, the Craig O's chain has constituted an enterprise, within the meaning of the FLSA, 29 U.S.C. 203(r). Each of the Craig O's locations alone, including the San Marcos location, and the amalgamated enterprise have had gross annual sales far in excess of $500,000.

11. At all times relevant to this lawsuit, and as a matter of economic reality, Defendant Craig Plackis was an employer or joint employer of the Plaintiff together with the

owners of the San Marcos location, within the meaning of the Fair Labor Standards Act and the Texas Minimum Wage Act, and Defendant was subject to the requirements of those Acts. Facts demonstrating that Craig Plackis was Plaintiff's joint employer include:

    a.    Craig Plackis and the owners of the San Marcos location acted directly and indirectly in the interest of one another in relation to their employees, including the Plaintiff.

    b.    Craig Plackis and the owners of the San Marcos location were not completely disassociated from one another with respect to the Plaintiff's employment.

    c.    Craig Plackis exercised substantial operational control over and dominated the administration of the enterprise comprised of the Craig O's chain, including the San Marcos location, and had the power to act on behalf of the enterprise, including the San Marcos location, vis-à-vis its employees.

    d.    Craig Plackis, or an entity in which he is principal, currently has, or has had in the past, a majority ownership interest in some of the six Craig O's locations, while other locations are owned by other individuals or entities.

    e.    Craig Plackis maintains an economic interest in each of the Craig O's locations in which he is not an owner, in that he, or an entity in which he is principal, receives agreed, periodic royalties from the profits of each other location.

    f.    Craig Plackis regularly and consistently held meetings, approximately once per month, attended in-person by the individual owners or managers of each of the Craig O's locations, including the San Marcos location. Between the meetings, Craig Plackis provided constant guidance and oversight by email, telephone, and by making announced and unannounced site visits and inspections. In the meetings, correspondence,

telephone calls, and visits, Craig Plackis instructed each of the owners and managers on a variety of matters of general business operations, exercised oversight of employees and employee activities, and directed updates to the chain's practices and procedures, including the subjects described below.

g. Craig Plackis dictated all material aspects of general business operations at each location in the Craig O's chain, including the San Marcos location, such as: all signage, menu items, recipes, cooking procedures, ingredients, and vendors for all products. Craig Plackis negotiated contracts with vendors and distributors on behalf of the entire Craig O's chain and instructed the individual store owners and managers precisely which products to purchase from whom, with frequent updates and changes.

h. Craig Plackis regularly and consistently planned and coordinated joint advertising and promotional campaigns between and for the benefit of each of the Craig O's locations, including the San Marcos location, and instructed the individual store owners and managers on how, when, and where to conduct additional advertisement and promotion of their businesses in conformity with the rest of the Craig O's chain.

i. Craig Plackis regularly and consistently instructed the individual store owners and managers at all locations, including the San Marcos location, on a variety of ways to minimize costs, including such measures as strictly controlling food portions and carefully budgeting labor costs.

j. Craig Plackis possessed and exercised the authority to inspect, monitor, and instruct, directly and indirectly, the work of the employees of all Craig O's location, including the San Marcos location. For example, Craig Plackis made regular announced and unannounced visits, approximately once per month, to the San Marcos location, in

which he monitored the work of all employees, often observing the restaurant's operations for several hours at a time.  Then, Craig Plackis often met with and discussed in detail the performance of the English-speaking customer-service employees, drivers and assistant managers; he conveyed instructions to the Spanish-speaking kitchen staff through Sandra Entjer, the owner of the San Marcos location; and he met with Sandra Entjer and discussed at length all of the results of his inspection and instructions for changes and improvements.  On occasions when Craig Plackis called and Sandra Entjer was on vacation or not present at the San Marcos location, he complained that she was not diligently managing the restaurant and should not delegate her responsibilities in such a manner to the assistant managers.

   k. Craig Plackis managed an online system for fielding customers' comments and complaints for all Craig O's locations, including the San Marcos location, and regularly discussed them with the individual owners and managers, giving instructions for improvement.

   l. Craig Plackis possessed and exercised the authority to select and hire managers at other locations, including the San Marcos location, in order to improve the location's performance and ensure conformity with the rest of the chain's practices and procedures.  For example, on one occasion Craig Plackis sent one of his own employees to work as an assistant manager at the San Marcos location, then visited the San Marcos location soon after to meet privately with that assistant manager.

   m. Craig Plackis possessed and exercised the authority to change directly or indirectly the terms and conditions of the employment at other locations, including the San Marcos location, such as firing employees and changing work schedules and duties.

For example, on one occasion, during a site visit and inspection, Sandra Entjer followed Craig Plackis's instruction to rearrange the schedules and duties of the kitchen staff by terminating a dish washer and assigning the Plaintiff to wash dishes during certain hours, in addition to his other duties.

n.   Craig Plackis possessed and exercised the authority to control directly or indirectly the timekeeping and payroll practices of all Craig O's locations, including the San Marcos location.  For example, Craig Plackis selected and set up the timekeeping systems used at each Craig O's location and trained each individual store owner or manager to use them.

o.   Craig Plackis possessed and exercised the authority to control directly or indirectly the general rules and policies applicable to employees of all Craig O's locations, including the San Marcos location.  Employees who were trained at one of the locations owned by Craig Plackis needed little or no additional training or instruction to transfer to another location and were paid the same rate after transferring.

p.   Multiple Craig O's locations, including the San Marcos location, from time to time shared the services of the same employee.  For example, multiple employees have worked, for extended periods of time, one shift at one of the locations owned by Craig Plackis and another shift at another location, including the San Marcos location, totaling well over 40 hours per week between the two locations without receiving overtime pay.  Many other employees have transferred from one Craig O's location to another.

12.   In performing his duties as an employee of the Defendant, Plaintiff regularly worked more than 40 hours per week.

13. At all times relevant to this lawsuit, Plaintiff never was paid any overtime pay for hours he worked in excess of 40 hours a week.

14. In many weeks during the time relevant to this lawsuit, Plaintiff was paid less than the minimum wage.

15. Defendant's failure to pay the minimum wage and overtime compensation to Plaintiff as described above was willful.

16. Plaintiff has fulfilled all prerequisites and requirements to bringing this suit and obtaining the relief sought herein.

### FIRST CAUSE OF ACTION (FLSA OVERTIME)

17. By failing to pay Plaintiff one and half times his regular hourly rate for all hours over 40 in a work week, Defendant violated Plaintiff's rights protected by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION (FLSA MINIMUM WAGE)

18. By failing to pay Plaintiff the federal minimum wage, Defendant violated Plaintiff's rights protected by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.* for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION (TEXAS MINIMUM WAGE)

19. By failing to pay Plaintiff the minimum wage mandated by state law for all his hours of work, Defendant violated Plaintiff's rights protected by the Texas Minimum Wage Act, Texas Labor Code § 62 *et. seq.*, for which Plaintiff is entitled to relief pursuant to Tex. Lab. Code §62.203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon final judgment, the Court grant Plaintiff relief as follows:

A. Order Defendant to pay the Plaintiff his unpaid wages in an amount equal to the difference between what the Plaintiff actually received and what the Plaintiff would have received had Defendant properly complied with the minimum wage and overtime provisions of the Fair Labor Standards Act and Texas Minimum Wage Act.

B. Order Defendant to pay the Plaintiff liquidated damages in an amount equal to his unpaid wages.

C. Order Defendant to pay Plaintiff pre- and post-judgment interest as provided by law for all amounts awarded.

D. Order Defendant to pay Plaintiff the reasonable attorney's fees and costs of this suit pursuant to 29 U.S.C. § 216(b).

E. Order all further relief, whether legal, equitable or injunctive, to which Plaintiff may be entitled and as may be necessitated to effectuate full relief to the Plaintiff.

Respectfully submitted,

_____
Aaron Johnson
Texas Bar No. 24056961
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 S. Congress Avenue, Suite 206
Austin, Texas 78704
Tel. (512) 474-0007 ext. 104
Fax (512) 474-0008
aaron@equaljusticecenter.org
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This is to certify that on this 14$^h$ day of March, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

Guillermo Ochoa-Cronfel
THE CRONFEL FIRM
2700 Bee Cave Road, Ste. 103
Austin, Texas  78746
Tel. (512) 347-9600
Fax. (512) 347-9911
gjocronfel@gmail.com

COUNSEL FOR DEFENDANT

                                           Aaron Johnson
                                           Attorney for Plaintiff