IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN OROZCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-11-CV-703  LY |
| | § | |
| CRAIG PLACKIS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel and For Sanctions, filed April 17, 2012 (Clerk's Dkt. #46); Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Compel and For Sanctions, filed April 17, 2012 (Clerk's Dkt. #47); Defendant's Response to Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Compel and For Sanctions, filed April 23, 2012 (Clerk's Dkt. #48); and Defendant's Response to Plaintiff's Motion to Compel and For Sanctions, filed April 23, 2012 (Clerk's Dkt. #49).  By way of the motions, Plaintiff Benjamin Orozco (Orozco")  seeks to compel responses to discovery requests propounded upon Defendant Craig Plackis ("Plackis"), as well as an expedited ruling on his motion.  As Defendant has promptly filed responses to both of Orozco's motions, the Court will grant Orozco's request for expedited consideration.

At issue in Orozco's motion are discovery requests propounded by him on February 3, 2012. By prior motion, Plackis sought an extension of time to file his response to those requests because of his pending motion to dismiss the claims against him.  By order dated February 29, 2012, Plackis' motion was denied.  He responded to Plaintiff's discovery requests on March 7, 2012.  (Plf. Mot. to Compel Ex. B).

Orozco now complains Plackis has effectively continued to refuse to participate in the discovery process based on the pendency of the motion to dismiss.  He characterizes Plackis' discovery responses as little more than a refusal to respond based on Plackis' contention that Orozco has failed to state a claim, couched in the form of blanket objections to the scope of the discovery requests.  Orozco also complains Plackis has refused to confer regarding those objections and other matters.  Plackis, in turn, contends Orozco's description of his objections is "self-serving" and any alleged failure to confer is rebutted by his rapid responses to the few attempts by Orozco to confer.

Notably, neither party has addressed the overarching matter of timeliness.  The Court entered a Scheduling Order in this case on November 18, 2011.  (Clerk's Dkt. #10).  Paragraph six of the Court's Scheduling Order expressly states that the

> parties shall complete discovery on or before February 10, 2012. Counsel may, by agreement, continue discovery beyond the deadline, ***but there will be no intervention by the Court except in extraordinary circumstances***.

(emphasis added).   Additionally, the Local Court Rules for the Western District provide the following:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery . . . . The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. . . .

Local Court Rule CV-16(d).

Despite this clear language, Orozco now seeks court intervention in discovery he served on Plackis on February 3, 2012, which means the responses were not due until 23 days after the February 10, 2012 discovery deadline for the case.  Under the Local Rules, Plackis was under no

obligation to respond to the discovery at all.  Further, Orozco did not file his motion until April 17, 2012, more than two months after the discovery deadline, and it does not address "conduct occurring during the final 7 days of discovery."  Thus, unless there are "exceptional circumstances," the motion is prohibited by the Local Rules, and the Scheduling Order makes it clear that there will be no court intervention.  Orozco makes no effort to justify the Court's intervention past the Court-set deadline, and offers no explanation for the late service of the discovery or the late filing of his motion.  Given all of this, and the fact that the discovery deadline has long since passed, the undersigned denies Plaintiff's motion.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Compel and For Sanctions (Clerk's Dkt. #47) is GRANTED, and Plaintiff's Motion to Compel and For Sanctions (Clerk's Dkt. #46) is DENIED.

SIGNED this 30th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE