UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN OROZCO, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:11-cv-703-LY |
| | § | |
| CRAIG PLACKIS, | § | |
|    *Defendant* | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, CRAIG PLACKIS (hereinafter referred to as "Movant"), by and through undersigned counsel, hereby files his Motion to Dismiss Plaintiff, BENJAMIN OROZCO's ("Plaintiff" and/or "Orozco") Second Amended Complaint With Prejudice, and moves the Court for entry of an Order dismissing Orozco's Second Amended Complaint With Prejudice. In support thereof, Movant states as follows:

**I.     Rule 12(b)(6)**

1.     Federal Rule of Civil Procedure 8 requires that a pleading contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement may seem easily achievable. However, the Supreme Court has made clear that this standard is more than a mere formality. The Federal Rule of Civil Procedure 12(b)(6) motion is the method by which a defendant can challenge whether or not a plaintiff has met the standard in this regard.

2.     The Supreme Court has essentially set forth a two-stage inquiry with respect to a 12(b)(6) motion. First, the court must determine what elements a plaintiff must plead in order to state a particular claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must

[1]

determine if the plaintiff has plead, "…factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," pursuant to the particular claim the plaintiff has stated. *Id.*, at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3. While the first stage of the inquiry is usually fairly straight-forward, as the elements of any particular claim are normally spelled out by statute and/or caselaw; the second, fact-dependent stage of inquiry, is where plaintiffs can encounter difficulty.

4. As the Court states in *Iqbal*, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Citing *Twombly*, 550 U.S., at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' Citing *Twombly*, 550 U.S., at 557." *Id.*, at 678. The Court has further stated, "…we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S., at 570.

5. Moreover, in *Iqbal* the Court further articulated the 'plausibility' standard arising from *Twombly* as follows, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S., at 678, citing *Twombly*, 550 U.S., at 557. Further, "…where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Iqbal*, 556 U.S., at 679, citing Fed. Rule Civ. Proc. 8(a)(2).

6. In fact, when a plaintiff has plead "factual" allegations that do no more than describe an alternative explanation for a defendant's complained-of behavior, more plausible than plaintiff's 'possible' misconduct claim, the courts have found that granting a 12(b)(6) motion to dismiss is required. See *Twombly*, 550 U.S., at 567 (While the "parallel conduct" by the defendant that plaintiff complained of was possibly consistent with an unlawful agreement, it didn't pass the 'plausibility' test because the behavior was more plausibly explained by lawful, free-market behavior); *Iqbal*, 556 U.S., at 681-82 (While plaintiff's complaint regarding defendant's 'profiling' of post-9/11 detainees was possibly consistent with an unlawful pursuit of such people because of their race, religion, or national origin, it didn't pass the 'plausibility' test because the behavior was more plausibly explained by law enforcement's legitimate policy of deterring additional terror attacks that had a disparate, but incidental impact on Arab Muslims); *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (While plaintiff's complaint regarding defendants' investigations of him was possibly consistent with an unlawful violation of his civil rights, it didn't pass the 'plausibility' test because the behavior was, "…just as consistent with lawful conduct as it is with wrongdoing.")

II. **Plaintiff has failed to set forth a cause of action for Overtime Wage Violation or Minimum Wage Violation pursuant to the FLSA on an 'enterprise' coverage theory**

7. Plaintiff has failed to allege a sufficient factual basis in support of his claim for overtime wage violations or minimum wage violations under the FLSA, based on a single enterprise theory of liability, as against Movant, and therefore, Plaintiff's Second Amended Complaint (the "Complaint") must be dismissed. See *Donovan v. Shteiwi*, 563 F. Supp. 118, 120 (S.D. Ohio 1983) (noting that whether the pleadings set forth a sufficient factual basis to establish the existence of an enterprise within the purview of the FLSA is a question of law to be

decided by the Court, and therefore, a proper subject of a motion to dismiss); see also *Gonzalez v. Old Lisbon Restaurant & Bar L.L.C.*, No. 11-21147-CIV, 2011 WL 5082158 at *2 (S.D. Fla. Oct. 25, 2011).

8. In order for separate entities to be considered one enterprise for purposes of calculating an employee's overtime and/or minimum wage pay, the employee must allege facts showing that such entities: (1) performed related activities, (2) through unified operation or common control, and (3) for a common business purpose. See *Jimenez v. S. Parking, Inc.*, No. 07-23156-CIV, 2008 WL 4279618 at *9 (S.D. Fla. Sept. 16, 2008); see also *Morgan v. Speakeasy, LLC*, 625 F. Supp. 2d 632, 647 (N.D. Ill. 2007); see also *Gonzalez*, 2011 WL 5082158.

9. Nowhere in Plaintiff's Complaint does it provide any factual allegation that Movant, **an individual**, performed related activities for a common business purpose with **any** other entity, as required to properly set forth a cause of action for overtime and/or minimum wage pay violations pursuant to 'enterprise' coverage. See *Kaplun v. Lipton*, No. 0620327-CIV, 2007 WL 707383 at *2 (S.D. Fla. Mar. 5, 2007) (noting that "related activities' encompasses activities which are the same or similar such as those of the individual retail or service stores in a chain or departments of an establishment operated through leasing arrangements); see also *Petasne v. La Cucina & Bakery, LLC*, No. 6:07-cv-1280-Orl-31DAB, 2008 WL 2157036 at *2 (M.D. Fla. May 20, 2008) (holding dismissal of complaint under FLSA to be proper where plaintiff pled mere conclusions of law and no facts that the restaurant at which he was employed was liable under either or both enterprise or individual coverage); see also *Gonzalez*, 2011 WL 5082158.

10. Rather, at best, Plaintiff merely alleges that Movant, an individual, "…exercised substantial operational control over…the administration of the enterprise…" *See Plaintiff's Second Amended Complaint, Paragraph 11(c), et. seq. (Dkt. #44)*. There are **no** allegations that Movant, individually, performed related activities through unified operation or common control for a common purpose, as a pizza restaurant, with any other entities. In fact, there are **no** allegations that Movant, an individual, acted as a pizza restaurant at all.

11. Further, "[s]imply because two business operations have a common ownership and there is a close economic relationship between these separate units, is not sufficient to make the units a single establishment." *Marshall v. New Hampshire Jockey Club, Inc.,* 562 F.2d 1323, 1330 (1st Cir. 1977). In fact, in the instant case, Plaintiff himself acknowledges that Movant does not **own** the pizza restaurant at which Plaintiff alleges he worked; "…Craig Plackis…together with the owners of the San Marcos location…" *Dkt. #44, Paragraph 11*; "Craig Plackis and the owners of the San Marcos location…" *Dkt. #44, Paragraph 11(a) & (b)*.

12. Moreover, as the Honorable Magistrate Judge Austin observed in his Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint the definition of 'enterprise' in the FLSA is subject to specific exemptions, "making clear that…franchises…do not create 'enterprises' within the meaning of the Act." Citing *Brennan v. Arnheim & Neely, Inc.,* 410 U.S. 512, 517-18, 93 S.Ct. 1138, 1141-42 (1973). *Dkt. #42, pg. 5*. Setting aside for the moment the fact that Plaintiff has not, in fact, alleged any facts indicating that Movant, an individual, was operating as a pizza restaurant in concert with other pizza restaurants in a 'single enterprise', even **if** Plaintiff were alleging that, he would still not meet the pleading requirements to defeat Movant's Rule 12(b)(6) Motion. That is, the FLSA provides a

"franchise" exception to the definition of 'enterprise' that states in pertinent part;

> "…a retail or service establishment which is under **independent ownership** shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of **any arrangement**, which included, but is not necessarily limited to, an agreement, (A) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (B) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (C) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area, or by reason of the fact that it occupies premises leased to it by a person who also leases premises to other retail or service establishments."
> --29 U.S.C. §203(r)(1) (emphasis added)

13.     So, even if one accepts that Plaintiff's Complaint sets forth well-plead allegations that Movant, an individual, was engaged in business as a pizza restaurant with other pizza restaurants, the Complaint still doesn't pass the 'plausibility' test set forth in *Twombly* and *Iqbal*, because Movant's alleged behavior is more plausibly explained as lawful conduct pursuant to the above-referenced "franchise" exception, than it is as wrongdoing.

14.     Plaintiff's allegations fail to establish that Movant is engaged in a single enterprise pursuant to the FLSA and Plaintiff's Complaint should be dismissed with regard to this claim.

### III. Plaintiff has failed to set forth a cause of action for Overtime Wage Violation or Minimum Wage Violation pursuant to the FLSA on an 'employer' and/or 'joint employer' theory

15.     Whether Movant was an 'employer' and/or 'joint employer' of Plaintiff is distinct from a claim that separate entities constitute a single enterprise under the FLSA for purposes of overtime and/or minimum wage pay violations. See *Kaplun*, 2007 WL 707383 at *3 (stating that a finding of enterprise coverage is different from the analysis of joint employment); see also Morgan, 625 F. Supp. 2d at 648 ("Whether two companies constitute a single enterprise and

whether they may be liable as joint employers are technically separate issues."); see also *Gonzalez*, 2011 WL 5082158.

16.  In order to state a claim for relief against Movant as an 'employer' or 'joint employer', Plaintiff must successfully allege that Movant stood in the shoes of an 'employer' relative to the alleged employee, in this case Plaintiff.  The FLSA defines an "employer" as, "any person acting directly or indirectly in the interest of an employer **in relation to an employee**." 29 U.S.C. §203(d)(emphasis added).

17.  The Fifth Circuit has determined that the above-referenced definition contemplates an individual being an "employer" within the meaning of the FLSA if he independently exercised control over the work situation of the complainant "employee".  *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993), citing *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); see also, *Martin v. Spring Break '83 Production, LLC*, 797 F.Supp.2d 719, 726 (E.D. La. 2011).

18.  Tellingly, Plaintiff has made **no** specific allegations with respect to Movant's behavior in relation to Plaintiff.  Instead, with respect to his "employer" theory, Plaintiff again relies on the same threadbare recitals of elements of his cause of action (e.g., "Craig Plackis and the owners of the San Marcos location acted directly and indirectly in the interest of one another in relation to their employees, including the Plaintiff.")

19.  Again, as noted above, the Court states in *Iqbal*, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Citing *Twombly*, 550 U.S., at 555.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  Citing *Twombly*, 550 U.S., at 557." *Id.*, at 678.

20. Plaintiff's allegations fail to establish that Movant is an "employer" (joint or otherwise) of Plaintiff, pursuant to the FLSA and Plaintiff's Complaint should be dismissed with regard to this claim.

## IV. Plaintiff has failed to set forth a cause of action for Overtime Wage Violation or Minimum Wage Violation pursuant to the TMWA

21. Moreover, with respect to Plaintiff's claim related to an alleged violation of the TMWA by Movant, even if the argument described in Paragraphs 1-20, above, somehow does not apply with the same force to that claim, it still fails.

22. Whether Plaintiff labels his TMWA as an "alternative" claim or not, in order to state a claim against Movant pursuant to the TMWA, Plaintiff must allege facts that would demonstrate that the FLSA does not apply to Plaintiff. This is because the TMWA **expressly** provides that its provisions, "do not apply to a person covered by the Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 *et seq.*)." Tex. Lab. Code § 62.151.

23. To the extent Plaintiff's "alternative" argument is essentially that the TMWA should apply as an alternative method of liability under the same "facts" plead by Plaintiff, should the Court decide that Plaintiff's claims are not compensable under the FLSA, the Fifth Circuit has found that such a result would be absurd in a case in which the FLSA applies to a plaintiff's claims;

> "There is no dispute that Chambers' employment with Sears is covered by the FLSA. The Court does not hold that Chambers' *employment* was *not covered* by the FLSA. Rather, the Court holds that the *activities* in question are *not compensable* under that statute. If Chambers' interpretation of the TMWA was correct, an absurd result would occur: A plaintiff would automatically be entitled to compensation under the TMWA for any activity that is not compensable under the FLSA."
> --*Chambers v. Sears Roebuck and Co.*, 428 Fed.Appx. 400, 425 (5th Cir. 2011)

24. Plaintiff has made no allegation that there is some factual circumstance in which he is not covered by the FLSA. Movant can find no authority which would indicate that Plaintiff's labeling his TMWA claim as an "alternative" claim somehow magically relieves him of the pleading requirements contained in Fed. R. Civ. Proc. 8 and fully analyzed in *Twombly* and *Iqbal* as set forth herein.

25. To the extent Plaintiff fails to allege **any** facts that would provide an "alternative" factual scenario in which the FLSA **does not** apply to Plaintiff, Plaintiff's Complaint should be dismissed with regard to that claim as well.

V. **Dismissal With Prejudice**

26. Generally, the concept of granting parties leave to amend their pleadings is quite liberal, "'Whether leave to amend should be granted is entrusted to the sound discretion of the district court…' *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely, and the language of this rule 'evinces a bias in favor of granting leave to amend.' *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282 (5th Cir. 2002).

27. Nevertheless, the Court can dismiss Plaintiff's Complaint, With Prejudice, if acceptable justifications exist for doing so, "Among the acceptable justifications for denying leave to amend are undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment." *Jamieson by and through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985), citing *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). Movant believes

that while the above-referenced list of justifications is not necessarily an exhaustive list, most of those identified by the Fifth Circuit in *Shaw* apply in the instant case.

WHEREFORE PREMISES CONSIDERED, Defendant, CRAIG PLACKIS, respectfully requests this Court grant Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice and award such other and further relief as it deems just and proper.

>Respectfully submitted,
>
>Guillermo Ochoa-Cronfel
>THE CRONFEL FIRM
>2700 Bee Cave Road, Suite 103
>Austin, Texas 78746
>Telephone: 512-347-9600
>Facsimile: 512-347-9911
>gjocronfel@gmail.com
>
>By:   /s/ Guillermo Ochoa-Cronfel_____
>      Guillermo Ochoa-Cronfel
>      State Bar No. 15175600
>      ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon all parties listed below via the method indicated below and/or the Court's CM/ECF filing system on May 31, 2012.

>/s/ Guillermo Ochoa-Cronfel
>Guillermo Ochoa-Cronfel

Aaron Johnson                                   VIA FIRST CLASS U.S. MAIL
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 S. Congress Ave., Suite 206
Austin, Texas 78704
T:  512-474-0007 ext. 104
F:  512-474-0008
aaron@equaljusticecenter.org
ATTORNEY FOR PLAINTIFF