UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN OROZCO,    Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO.  1:11-cv-703-LY |
| CRAIG PLACKIS    Defendant | § § § | Jury Demanded |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff hereby files his Proposed Jury Instructions and Verdict Form and requests that they be submitted to the jury upon trial of this cause.

**Instruction No. 1:    Consideration of the Evidence**

[Fifth Circuit Pattern Jury Instructions – Civil (2006) No. 2.18.]

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Instruction No. 2:    Summary Evidence**

Certain exhibits such as spreadsheets have been shown to you for purposes of illustration only. The charts and summaries consist of calculations from records that could not otherwise have been

conveniently examined in court.  You should consider these charts and summaries as you would any other evidence.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

[Adapted from 5th Cir. 2006 Pattern Civil Jury Instruction No. 2.8 (Demonstrative Evidence)]

**Instruction No. 3:    Fair Labor Standards Act (29 U.S.C. § 216)**

[Adapted from Fifth Circuit Pattern Jury Instructions – Civil (2006) No. 11.1.]

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages and time-and-a-half overtime pay.  The plaintiff claims that he was not paid the legally required minimum wage and/or overtime pay.

The plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant employed the plaintiff during the time period involved;

2. That the plaintiff was employed in an enterprise that employed at least two persons handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had annual gross sales of at least $500,000;  and

   [29 U.S.C. §203 (s)(1)(A)(i).]

3. That the plaintiff was not paid the minimum wage and/or overtime pay required by law.

"Handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" extends coverage to any enterprise with at least two employees who regularly have contact with goods or materials that have at some point moved across state lines. Restaurants are covered enterprises when the waitresses, cooks or busboys handle food items and cleaning supplies that had been manufactured in another state.  Virtually every enterprise in the nation with two employees and annual gross sales of at least $500,000 is covered by the FLSA.

[*See Dole v. Bishop*, 740 F. Supp. 1221, 1226 (S.D. Miss. 1990). *See Dunlop v. Industrial American Corp*., 516 F.2d 498 (5th Cir. 1975)]

The minimum wage during the period of time involved in this case was $6.55 until July 22, 2009.  Since July 23, 2009, the minimum wage has been $7.25 per hour.

An employer must pay its employees at least one and one-half times their regular rate for overtime work.  An employee's regular rate is the basis for calculating any overtime pay due the employee.  The regular rate for a week is determined by dividing the first 40 hours worked into

the total wages paid for those 40 hours.  The overtime rate, then, is one and one-half times that rate.

If you find that the plaintiff has proved by a preponderance of the evidence all of the elements of his claim, then your verdict must be for the plaintiff and you must determine the damages that the plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

**Instruction No. 4:** **Enterprise Coverage**

The enterprise Plaintiff alleges he was employed in is the Craig O's pizza chain, which was set up as a franchise system.  Defendant denies that the Craig O's pizza franchise system comprises an "enterprise" under the FLSA.

A restaurant chain is an enterprise if it has:
1. related activities;
2. unified operation or common control; and
3. a common business purpose.

[29 U.S.C. § 203(r)(1); *Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994).]

Related activities:  A restaurant chain serving food to the public using the same menu, operating in the same or a similar manner, and advertising collectively under the same name constitutes "related activities."

[29 C.F.R. §779.206(a); *Villarreal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 792; 2011 U.S. Dist. LEXIS 23862, *38-39 (N.D. Ill. Mar. 9, 2011); *Gonzalez v. Old Lisbon Restaurant & Bar L.L.C.*, No. 11-21147-CIV, 2011 U.S. Dist. LEXIS 123484 at *9 (S.D. Fla. Oct. 25, 2011).]

Separate businesses may accomplish "unified operations" through agreements, franchises, grants, leases, or other arrangements which have the effect of aligning or integrating the activities of one company with the activities of others so that they constitute a single business or unified business system.  Common ownership is not required to establish unified operations.

[29 C.F.R. §779.218-19]

"Control" includes the power or authority to control, direct, restrict, regulate, govern, or administer the performance of the activities.  "Common" control includes the sharing of control and it is not limited to sole control or complete control by one person or corporation.  "Common" control therefore exists where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together.  Common ownership is not required to establish common control.

[29 C.F.R. 779.221-224; *Reich v. Bay,Inc.*, 23 F.3d 110, 114-15 (5th Cir. 1994).]

A "common business purpose" includes activities of separate companies directed to the same or similar business objectives. Also, a "common business purpose" exists if separate companies have complementary businesses and are operationally interdependent.

[29 C.F.R. 779.213; *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 530 (5th Cir. 1982)..]

**Instruction No. 5:**     **Individuals as Joint Employers**

The plaintiff claims the defendant was his employer under the FLSA along with the owners of the San Marcos Craig O's. The defendant denies he was an employer of the plaintiff.

Under the law, a worker can have more than one employer. This is called "joint employment" because two or more individuals or entities can jointly employ an employee at the same time. All joint employers are responsible for compliance with the applicable provisions of the FLSA, including the overtime and minimum wage provisions.

The definition of "employer" under the FLSA is expansive and includes individuals. "Employer" includes "any person acting directly or indirectly in the interest of an employer." Individuals are "employers" under the FLSA if they have managerial responsibilities and substantial control over the terms and conditions of the employees' work. An individual that has operational control over an enterprise covered by the FLSA is liable as an employer of that enterprise's employees.

"Employer" includes an individual who effectively dominates another employer's administration or otherwise acts, or has the power to act on the other employer's behalf with respect to its employees, even if the individual lacks a possessory interest in the employer corporation. Factors used to determine whether or not an individual that lacks a possessory interest in the employer corporation exercises sufficient control to be an "employer" for purposes of the FLSA include, but are not limited to the following: evaluation of personnel performance, direction of firing and hiring decisions, and determination of work assignments.

[29 U.S.C. §203(a) and (d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984); *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983).]

**Instruction No. 6:**     **Franchises**

The Plaintiff claims that the Craig O's franchise system operated as a single enterprise that was covered by the FLSA. Craig Plackis denies that the Craig O's franchise system covered by the FLSA.

Sometimes franchise systems are enterprises covered by the FLSA, and some are not. A franchise agreement does not alone establish enterprise coverage or a joint employment relationship under the FLSA. Typical franchises involve no more than an agreement to sell the

particular product of the one granting the franchise. However, where the one granting the franchise keeps control of the operations of the business, the arrangement is an enterprise covered by the FLSA.

The following example illustrates a franchising company and independently owned retail establishments which would constitute a single enterprise:
> (1) The franchisor had developed a system of retail food store operations, built up a large volume of buying power, formulated rules and regulations for the successful operation of stores together constituting a system which for many years proved in practice to be of commercial value to the separate stores; and
>
> (2) The franchisor desired to extend its business through the operation of associated franchise stores, by responsible persons in various localities to act as limited agents, and to be parts of the system, to the end that the advantages of and the profits from the business could be enjoyed by those so associated as well as by the franchisor; and
>
> (3) The stores were operated under the franchise as part of the general system and connected with the home office of the franchisor from which general administrative jurisdiction was exercised over all franchised stores, wherever located; and
>
> (4) The stores operated under the franchise agreement were always subject to the general administrative jurisdiction of the franchisor and agreed to comply with it; and
>
> (5) The stores operated under the franchise agreed to install appliances, fixtures, signs, etc. according to plans and specifications provided by the franchisor and to purchase their merchandise through the franchisor except to the extent that the latter may authorize local purchase of certain items; and
>
> (6) The stores operated under the franchise agreed to participate in special promotions, sales and advertising as directed by the franchisor, to attend meetings of franchise store operators and to pay a fee to the franchisor at the rate of one-half of 1 percent of total gross sales each month for the privileges to them and the advantages and profits derived from operating a local unit of the franchisor's system; and

Under this illustration, the franchise's restrictions as to products, prices, profits and management would deny the franchisee the essential prerogatives of the ordinary independent businessman. The franchise operator would be part of the franchisor's enterprise and the franchisor would be responsible along with the franchise operator for compliance with the FLSA. The above are only examples of a franchise that operates as a single enterprise and are not requirements.

[29 U.S.C. §203(r)(1); Wage and Hour Opinion Letter No. WH-450, January 13, 1978, 1978 WL 51440]

**Instruction No. 7:** **Employment Records and Burden-Shifting**

The FLSA requires employers to maintain accurate records of an employee's hours of work and the wages that have been paid. If an employer does not maintain such records then you may rely on the testimony of the employee about the amount of work performed for which that employee was not paid properly. The employee does not have to prove the precise amount of wages he is owed, so long as the employee provides enough evidence from which it is possible to estimate the amount of uncompensated work. The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had it kept records in accordance with the law.

[*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988)]


**Instruction No. 8:** **Non-Party Joint Employers**

You should not speculate about the reasons why the owners of the San Marcos location are not defendants.


**Instruction No. 9:** **Willfulness**

If you find that the plaintiff's employer violated the FLSA by failing to pay overtime compensation or minimum wages, then you must also determine whether the employer's action was willful.

To establish willfulness, the Plaintiff must prove that, when his employer failed to pay overtime compensation or minimum wages, the employer either (a) knew that its conduct violated the FLSA, or (b) acted with reckless disregard for whether or not it was in compliance with the FLSA.

If the defendant does not have actual knowledge of the FLSA violation, he may still have acted with reckless disregard if he failed to make an adequate inquiry into whether his conduct was in compliance with the FLSA. Additionally, the fact that an issue is complex and fact-intensive does not mean that the FLSA violations were not willful.

[Adapted from the Fifth Circuit PJC §11.9.2(ADEA – Willful Violations); 29 U.S.C. §255(a); *McLaughlan v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Hill v. J. C. Penney Co., Inc.*, 688 F.2d 370, 374 (5th Cir. 1982); *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1281 (11th Cir. 2008); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. N.Y. 1999)]

**PROPOSED VERDICT FORM**

Question No. 1

      Did the Plaintiff prove that he was employed in an enterprise that employed at least two persons handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had annual gross sales of at least $500,000?

            Answer "yes" or "no": _____

Question No. 2

      Did the Plaintiff prove that the Defendant was an "employer" under the Fair Labor Standards Act?

            Answer "yes" or "no": _____

Question No. 3

      Did the Plaintiff prove that the Defendant did not pay the overtime compensation or minimum wages required by law?

     (a) Overtime Compensation?

            Answer "yes" or "no": _____

     (b) Minimum Wages?

            Answer "yes" or "no": _____

If you answered "yes" to either or both parts (a) and/or (b) of Question No. 3, please proceed to Question No. 4. If you answered "no" to Question No. 3, stop answering questions on this verdict form.

Question No. 4

      Did the Plaintiff prove that, when the Defendant failed to pay overtime compensation or minimum wages, the Defendant knew that his conduct violated the FLSA?

            Answer "yes" or "no": _____

Question No. 5

Did the Plaintiff prove that, when the Defendant failed to pay overtime compensation or minimum wages, the Defendant acted with reckless disregard for compliance with the FLSA?

Answer "yes" or "no": _____

Respectfully submitted,

_____
Aaron Johnson
Texas Bar No. 24056961
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 S. Congress Avenue, Suite 206
Austin, Texas 78704
Tel. (512) 474-0007 ext. 104
Fax (512) 474-0008
aaron@equaljusticecenter.org
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 13th day of July, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

Guillermo Ochoa-Cronfel
THE CRONFEL FIRM
2700 Bee Cave Road, Ste. 103
Austin, Texas 78746
Tel. (512) 347-9600
Fax. (512) 347-9911
gjocronfel@gmail.com
COUNSEL FOR DEFENDANT

_____
Aaron Johnson