UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BENJAMIN OROZCO,          § | |
|    *Plaintiff,*          § | |
| § | |
| v.          § | Civil Action No. 1:11-cv-703-LY |
| § | |
| CRAIG PLACKIS,          § | |
|    *Defendant*          § | |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW, Defendant, CRAIG PLACKIS ("Plackis") in the above-styled and numbered cause and file this, his Motion in Limine for trial of this cause. Prior to commencement of the voir dire examination of the jury panel, Defendant respectfully moves the Court for an order instructing and directing Plaintiff, his witnesses and/or attorneys, and anyone else appearing or speaking at trial on his behalf, to refrain from making any mention on interrogation, directly or indirectly, in any manner whatsoever, and/or not to refer directly or indirectly in the presence of the jury panel or the jury ultimately selected to try this case, or to make any statement or ask any question injecting any of the following matters; or, in the alternative, to require Plaintiffs, their witnesses and/or attorney, to first bring up any of the following matters with the Court out of the presence of the jury and the jury panel, so that the Court may determine the admissibility and relevance of such matters before they are injected into the case in the presence of the jury or jury panel. The following matters would not be admissible for any purpose in the cause:

1.    That Plackis filed this Motion for the relief requested.

         Granted:_____     Denied:_____

2.    Any suggestion or reference to Defendant's failure to call any witness which is equally

available to other parties in this cause.

Granted:_____   Denied:_____

3. Any suggestion or reference of the probable testimony of any witness not actually called.

Granted:_____   Denied:_____

4. Any suggestion or reference to hearsay statements whether in questions, arguments, or testimony prior to the establishment of the proper predicate for their admissibility.

Granted:_____   Denied:_____

5. Any suggestion or reference that the Court or a party to this case has prevented Plaintiffs from bringing evidence before the jury.

Granted:_____   Denied:_____

6. Any suggestion or reference that any party or witness has been suspected of, arrested for, charged with or convicted of any criminal offense unless there is evidence of a specific conviction that the Court has previously ruled is admissible in this case. Fed. R. Evid. 401-403, 609.

Granted:_____   Denied:_____

7. Any suggestion or reference that any party or witness uses or abuses alcohol, tobacco, or any controlled substance, unless and until such alleged use or abuse is shown to be specifically relevant to this case. Fed. R. Evid. 401-403.

8. Any suggestion, reference, argument or testimony regarding or relating to any communication between Defendant and his past or present counsel.

Granted:_____   Denied:_____

9. All evidence of prior unrelated misconduct of Defendant which is inadmissible under Rule

[2]

      608, Federal Rules of Evidence.

      Granted:_____   Denied:_____

10.    Any reference or suggestion to any financial interest which Defendant's counsel may have in the outcome of this lawsuit.

      Granted:_____   Denied:_____

11.    Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to Defendant's counsel, and has been admitted in evidence or approved for admission or use before the jury.

      Granted:_____   Denied:_____

12.    That Plaintiffs be instructed not to make demands or requests for matters found or contained in Defendants' file in the presence of the jury.

      Granted:_____   Denied:_____

13.    That counsel, parties and witnesses be instructed not to tender, read from, or refer to any ex-parte statement or report of any person not to be called as a witness in the trial of this cause.

      Granted:_____   Denied:_____

14.    That Plaintiff and his witnessess refrain from any character references, or descriptions of each other, as such would constitute unreasonable bolstering and character witness testimony.

      Granted:_____   Denied:_____

15.    Counsel for Plaintiffs refrain from voicing their personal opinions and from engaging in side bar remarks in the presence of the jury.  Further, that counsel for Plaintiffs refrain from

[3]

       openly verbally assaulting Defendant or Defendant's counsel and making remarks about the honesty or dishonesty of counsel.

       Granted:_____   Denied:_____

16. Any suggestion or reference which would imply that Defendant has not fully complied with any and all discovery requests propounded to him by Plaintiff or that Defendant has asserted any privilege or objection thereto.

       Granted:_____   Denied:_____

17. That Plaintiffs not be allowed to use collateral matters to impeach Defendants.

       Granted:_____   Denied:_____

18. Any reference to any *ex parte* statement of any witness or alleged witness unless and until such witness has been called to testify and has given testimony conflicting with such *ex parte* statement.

       Granted:_____   Denied:_____

19. Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party suggesting such testimony does not, in good faith, expect to testify at trial.

       Granted:_____   Denied:_____

20. Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

       Granted:_____   Denied:_____

21. Any offer of any testimony or other evidence in support of any claim not plead.

       Granted:_____   Denied:_____

22. Any argument that the jurors should put themselves in the position of Plaintiff. This includes any "Golden Rule Argument" or similar argument. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982); *Southwestern Greyhound Lines, Inc. v. Dickerson*, 236 S.W.2d 115 (Tex. 1951).

   Granted:_____   Denied:_____

23. Any mention that the United States Magistrate Judge recommended that the Court make any ruling in Plaintiff's favor.

   Granted:_____   Denied:_____

24. Any statement or suggestion that Defendant operates as a "single enterprise" with any and/or all of the Craig O's restaurants.

   Granted:_____   Denied:_____

**Prayer**

WHEREFORE, premises considered, Defendant respectfully moves the Court to instruct Plaintiff, his attorney and all witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the above matters without first obtaining permission of the Court outside the presence and hearing of the jury. Defendant further prays that Plaintiff be instructed to warn and caution each and every one of his witnesses to strictly follow these instructions.

Respectfully submitted,

Guillermo Ochoa-Cronfel
THE CRONFEL FIRM
2700 Bee Cave Road, Suite 103
Austin, Texas 78746
Telephone: 512-347-9600

[5]

                         Facsimile: 512-347-9911
                         gjocronfel@gmail.com

            By:  /s/ Guillermo Ochoa-Cronfel
                Guillermo Ochoa-Cronfel
                State Bar No. 15175600
                ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify by my foregoing signature that the above and foregoing document has been served upon all parties listed below via the method indicated below and/or the Court's CM/ECF filing system on July 17, 2012.

| | |
|---|---|
| Aaron Johnson | VIA FIRST CLASS U.S. MAIL |
| EQUAL JUSTICE CENTER and | |
| TRANSNATIONAL WORKER | |
| RIGHTS CLINIC | |
| 510 S. Congress Ave., Suite 206 | |
| Austin, Texas 78704 | |
| T:  512-474-0007 ext. 104 | |
| F:  512-474-0008 | |
| aaron@equaljusticecenter.org | |
| ATTORNEY FOR PLAINTIFF | |

[6]